IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES D. SCHNELLER and | : | |
| FRIENDS OF JIM SCHNELLER | : | |
| FOR CONGRESS, | : | CIVIL ACTION |
|     Plaintiffs, | : | |
|   v. | : | |
| | : | |
| PHILADELPHIA NEWSPAPERS, | : | No. 11-5071 |
| INC., et al, | : | |
|     Defendants. | : | |

**M E M O R A N D U M**

**Stengel, J.**                        **August 28, 2012**

  This case arises from actions surrounding a congressional election.  Plaintiff, James D. Schneller, brings claims against a number of Defendants, including Philadelphia Newspapers, under various federal and state laws alleging injury to reputation and violations of constitutional rights.  Defendants filed various motions to dismiss, which I now address.

  **I.**   **Background**

  Plaintiff was an independent candidate in the 2010 general election for Congress' 7th district of Pennsylvania.  (Compl. at ¶ 1).  "Friends of Jim Schneller" was the Plaintiff's registered candidate committee.  (Compl. at ¶ 2).  Schneller submitted Nomination Papers on August 2, 2010, in accordance with 25 P.S. § 2911(b).[1]  Shortly thereafter, the Delaware County Republicans asserted that Democratic opponent, Bryan

---

[1] Under the Pennsylvania Election Code, independent candidates must file Nomination papers with a number of signature equal to two percent of the highest vote obtained in a statewide election.  25 P.S. § 2911(b).

Lentz, and workers for the Democratic Party collected many of Schneller's signatures. (Compl. at ¶¶ 18-19).

Schneller alleges that the Defendants[2] then made these the "ongoing, headline fact of the race."[3] (Compl. at ¶ 25). Specifically, Schneller alleges that one or more of the Defendants defamed Plaintiff by charging that Schneller had the Democrats to thank for getting on the ballot, that Schneller colluded with the democratic circulators, that Schneller was a "spoiler" who would split the Republican vote, and that Schneller's conduct was "wrong, unwise, or irresponsible." (Compl. at ¶¶ 20-21, 25). Schneller also asserts that one or more of the Defendants declared that Schneller was guilty of misrepresentation and fraud because he suggested a Tea Party leader supported his campaign, and that he violated the Federal Election Campaign Act. (Compl. at ¶¶ 53, 67). Throughout the campaign Schneller alleges that the Defendants labeled Schneller an "ultraconservative," a "candidate from the right," and a member of the Tea Party. (Compl. at ¶¶ 52, 59).[4]

---

[2] These Defendants include Philadelphia Newspapers Inc., William Bender, Delaware County Republican Party, Pat Meehan, Patricia A. Wechsler, Ernest S. Angelos, Donald Adams, Teri Adams, and Delaware County Patriots.

[3] The Complaint mostly fails to specify which of the Defendants are responsible for any of the actions alleged, instead the Plaintiff merely implicates the actors as "Defendants." In a few instances, Plaintiff attributes statements that he was an "oddball" and "unemployed" to Defendant Bender. (Compl. at ¶ 40). Plaintiff also asserts that PN "libelously covered" the statements of two local tea parties who said that Plaintiff's campaign was "detrimental to the voters [and] the voting process." (Compl. at ¶ 28). PN also allegedly stated that Plaintiff is litigious. (Compl. at ¶ 52).

[4] The Complaint goes on to assert a number of allegedly libelous statements

The Defendants have filed motions to dismiss (Doc. Nos. 19, 20, &21).  For the following reasons, I will grant these motions and dismiss this case.[5]

**II.    Standard**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint.  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).  The factual allegations must be sufficient to make the claim for relief more than just speculative.  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  In determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of

---

[5] Plaintiff has also filed a motion to strike the supplemental memorandum filed by Pat Meehan for Congress because Defendant did not seek leave of court in accordance with my rules and procedures. (Doc. No. 35). I will deny this motion as moot.  Plaintiff's response to the Motions to Dismiss also failed to comply with the procedures of this court, as it far exceeded the page count and was a single document encompassing a number of motions and responses.  In my discretion, I chose not to strike the filing, and thoughtfully considered all of Plaintiff's and Defendants' arguments in each of their motions, responses, and replies.

Additionally, Schneller filed a motion for default judgment against Philadelphia Newspapers (Doc. No. 37), which I will deny.  Default is governed by Federal Rule of Civil Procedure 55.  The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred.  <u>Hritz v. Woma Corp.</u>, 732 F.2d 1178, 1181 (3d Cir.1984).  Moreover, "before imposing the extreme sanction of default, district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default."  <u>Emcasco Ins. Co. v. Sambrick</u>, 834 F.2d 71, 74 (3d Cir. 1987).

Hence, a litigant's failure to state a claim upon which relief may be granted, e.g., an assertion of a claim over which the court lacks jurisdiction, prevents the presiding court from entering a default judgment, see <u>Comcast Cable Communs. v. Dorris</u>, 2005 U.S. Dist. LEXIS 23156, at *5-6 (D.N.J. Feb. 8, 2005); Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688 at 447-48 (1983), since, under Rule 55(b)(2), the litigant is not entitled to a default judgment unless he establishes that the essential elements of the pleaded claims are present and states factual allegations in support of these elements.  See <u>Comdyne I v. Corbin</u>, 908 F.2d 1142, 1149 (3d Cir. 1990).  Moreover, entry of a default judgment is an inappropriate use of judicial discretion where there has been insufficient service.  Thus, if there is a challenge to the adequacy of service, the party who seeks default judgment and, allegedly, served the complaint bears the burden of establishing its validity when a challenge to its effectiveness is made.  <u>Adams v. American Bar Association</u>, 400 F. Supp. 219, 222 (E.D. Pa. 1975).

Therefore, while taking due notice of Defendant's service-related challenges and the prudential considerations pertinent to the entry of default judgment against any defendant in a lawsuit, I find it prudent and in the interests of judicial economy to limit my review to the issues of subject matter jurisdiction and sufficiency of Plaintiffs' pleading.  Having found that the court lacks jurisdiction over the Plaintiff's claims, I will deny the motion for default judgment.

the plaintiff. Id.; see also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

The Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which he bases his claim. Conley, 355 U.S. at 47. Rather, the Rules require a "short and plain statement" of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. Id. The "complaint must allege facts suggestive of [the proscribed] conduct." Twombly, 550 U.S. at 555. Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true. See Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Sterling v. Southeastern Pennsylvania Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995). The claim must contain enough factual matters to suggest the required elements of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 555).

A case may be also dismissed under Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter. . . ." FED.R.CIV.P. 12(h)(3). Alternatively, a court choosing not to grant a motion to dismiss for lack of subject matter jurisdiction may, under Rule 12(e), grant a motion for a more definitive statement if "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading. . . ." FED.R.CIV.P. 12(e).

Moreover, courts must liberally construe pro se complaints and "apply the applicable law, irrespective of whether [the] litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002). Thus, a plaintiff's complaint, however inartfully pleaded, must be held to a less stringent standard than a formal pleading drafted by an attorney.[6]  Estelle v. Gamble, 429 U.S. 97, 106 (1976).

**III.    Discussion**

A.    Plaintiff Has Not Set Forth Facts Sufficient to State a Claim Under 42 U.S.C. § 1983

By its terms, Section 1983 does not create a substantive right; it merely provides a method for vindicating federal rights conferred by the United States Constitution and the federal statutes that it describes. Baker v McCollan, 443 U.S. 137 (1979). In order to establish a claim under Section 1983, a plaintiff must demonstrate (1) a violation of a right secured by the Constitution and the laws of the United States and that (2) the alleged deprivation was committed by a person acting under color of state law. American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40 (1999).

Section 1983 excludes from its reach "merely private conduct," no matter how discriminatory or wrongful. American Mfrs. Mut. Ins. Co., 526 U.S. at 50. However, a

---

[6] Schneller filed his complaint pro se. He also purports to represent other persons and entities. Although Schneller is entitled to represent himself pro se, he "may not appear pro se in the cause of another person or entity." Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997). See also Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991) (holding that non-lawyer proceeding pro se could not represent his children); 28 U.S.C. § 1654 (parties may proceed in federal court "personally or by counsel"). Additionally, this Court and the Third Circuit Court of Appeals have previously explained that as a pro se litigant, Schneller may not represent parties other than himself. See Schneller v. Prospect Park Nursing & Rehab. Ctr., 368 Fed. Appx. 298, 2010 U.S. App. LEXIS 4939, 2010 WL 763642, at *1 n.1 (3d Cir. Mar. 8, 2010); Schneller v. Fox Subacute at Clara Burke, 368 Fed. Appx. 275, 2010 U.S. App. LEXIS 4940, 2010 WL 763624, at *1 n.1 (3d Cir. Mar. 8, 2010); Schneller v. Crozer Chester Med. Ctr., 276 F. App'x 169, 170 n.1 (3d Cir. 2008); Schneller v. Fox Subacute at Clara Burke, 317 F. App'x 135, 137 n.1 (3d Cir. 2008), Therefore, all claims by Friends of Jim Schneller should be dismissed because Plaintiff Schneller is not an attorney.

private party may cause a deprivation of a constitutional right, but it is subjected to liability under Section 1983 only when it does so under color of law. Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 156 (1978); West v. Atkins, 487 U.S. 42, 48 (1988). Moreover, when analyzing the exclusive government function test, the Supreme Court has held that the receipt of public funds and the performance of a function serving the public, alone, are not enough to make a private entity a state actor. Rendell-Baker v. Kohn, 457 U.S. 830, 840 (1982); Black, et al. v. Indiana School District, 985 F.2d 707, 710-11 (3d Cir. 1993) (a school bus driver is not performing an exclusive government function, even though paid by the state and performing a service for the public).

In Max v. Republican Committee of Lancaster County, 587 F.3d 198 (3rd Cir. 2009), a committee women sued the County Republican Committee alleging that her right to free speech was violated when she was reprimanded by the Committee for campaigning against endorsed candidates and asked to resign. Max, 587 F.3d at 199. The Court held that the Republican Committee of Lancaster County was not a state actor where it was merely the endorser of candidates and was not acting on behalf of or in concert with the Commonwealth of Pennsylvania.

Plaintiff claims that Defendant Bender is liable under § 1983 because Schneller claims he has "complete and unified control of the populace, in unison with the government," and, therefore, he is a state actor and acted under the color of state law. He alleges that all Defendants were "charged with the responsibility to maintain a qualified staff, establish procedures, and enforce adherence […] to the standards and procedures of their profession […] and to adhere to the statutory directive of the Constitution of the

United States of America and acts of Congress and the Commonwealth of Pennsylvania…" (Compl. at ¶ 71).[7]

Here, Schneller fails to show that any of the Defendants is a state actor within the meaning of § 1983. Although a private entity that "is a willful participant in joint action with the State or its agents" acts "under color of state law" for purposes of § 1983, see Dennis v. Sparks, 449 U.S. 24, 27-28 (1980), there is no indication that the Commonwealth of Pennsylvania or one of its agents had any involvement in the actions alleged in the Complaint. Schneller has not demonstrated that "there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974). The traditional exclusive governmental function test requires that a private entity exercise powers traditionally and exclusively reserved to the State, such as exercising eminent domain. Wolotsky v. Huhn, 960 F.2d 1331, 1335 (6th Cir. 1992). Another factor to consider is whether the private party acted with the help or in concert with state officials. Mark v. Borough of Hatboro, 51 F.3d 1137, 1142 (3rd Cir. 1995).

Mr. Schneller baldly asserts that these Defendants were acting under color of law or were state actors but provides no supporting facts or reasoning. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (stating that "[a] pleading that offers [merely] labels and

---

[7] I note that "[i]n cases under § 1983, 'under color' of law has consistently been treated as the same thing as the 'state action' required under the Fourteenth Amendment." Benn v. Universal Health Sys., Inc., 371 F.3d 165, 170 n.1 (3d Cir. 2004) (quoting Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982)). Therefore, although it is unclear in the Complaint, to the extent that Schneller argues his rights under the Fourteenth Amendment – to run for office, to privacy, to free speech, and to judicial relief – were violated, the analysis concerning state action is the same.

conclusions" or "naked assertions devoid of further factual enhancement" does not satisfy Fed. R. Civ. P. 8's pleading requirements).  He claims that "Defendant party, committees, and media conglomerate acted under color of law and as state actors, and are a political subdivision… in unison with the government, including control of the dissemination of current events, commentary, and government policy…."  (Compl. at ¶ 164).

     Schneller alleges that Defendant Bender insinuated himself into a position of interdependence with the state to create joint participation, but this allegation is conclusory.  Moreover, the activities of news organizations and reporters have consistently failed to satisfy the tests concerning state actors.  See Scheetz v. Morning Call, Inc., 747 F. Supp. 1515, 1520 (E.D.Pa. 1990) (no liability in § 1983 suit against defendant newspaper for reporter's violation of plaintiff's privacy); Talmadge v. Herald News, 2007 U.S. Dist. LEXIS 78078 (D.N.J. Oct. 22, 2007) (a newspaper and its editor did not operate under color of law when the newspaper published an allegedly libelous article about plaintiff's prosecution); Oliver v. Philadelphia Daily News, 1989 U.S. Dist. LEXIS 5890 (E.D. Pa. May 26, 1989) (holding the Philadelphia Daily News is not a state actor and cannot be sued under § 1983); Picozzi v. WPVI-TV Channel 6 Action News, 2012 U.S. Dist. LEXIS 12162 (D.N.J. Feb. 1, 2012) (finding that as a general matter, news media cannot be deemed a "state actor" for the purposes of Section 1983 action because the operations of an entertainment facility are not powers traditionally exclusively reserved to the State, nor are they functions of sovereignty); Cannon v. Delaware, 2012 U.S. Dist. LEXIS 64958 (D. Del. May 8, 2012) (holding that the defendants Radio 1450 and News Journal were not "clothed with the authority of state

law," and were not "persons" within the meaning of § 1983 (citing Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).

Additionally, the role of advocate for a political candidate and the role of voters to elect an individual is not a traditional public function exclusively reserved for the State. Simply having to "adhere to the statutory directive of the Constitution of the United States of America and acts of Congress and the Commonwealth of Pennsylvania" does not create a sufficient nexus with the state. Because Mr. Schneller cannot establish state action, he cannot establish a cause of action under 42 U.S.C. § 1983 or related statutes,[8] which provide a necessary conduit through which the plaintiff might recover for alleged federal rights violations perpetrated against him.

Schneller has also failed to show that he was deprived of a Constitutional right. See American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999) ("To state a claim for relief in an action brought under § 1983, respondents must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law."); Arment v. Commonwealth National Bank, 505 F. Supp. 911, 912-913 (E.D. Pa. 1981) (same).

---

[8] Plaintiff also fails to assert properly a Bivens action against Defendants to for alleged violations of the First and Fourteenth Amendments of the Federal Constitution. A Bivens action is the federal equivalent of the Section 1983 cause of action and will lie where the defendant has violated the plaintiff's rights under color of federal law. See Brown v. Philip Morris Inc., 250 F.3d 789, 800 (3d Cir. 2001). Federal action requires 1) an alleged constitutional deprivation caused by the exercise of some right or privilege created by the [Federal Government] or by a rule of conduct imposed by the [Federal Government] and 2) that "the party charged with the deprivation must be a person who may fairly be said to be a [Federal] actor." See American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40 (1999) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937-42 (1982)); see also Brown v. Philip Morris Inc., 250 F.3d 789, 801 (3d Cir. 2001)(stating that courts use the same test for determining state action enunciated in Lugar to determine whether there is federal action under Bivens)

A claim for deprivation of reputation is valid only where there is a "change or extinguishment of a right or status guaranteed by state law or the Constitution." Clark v. Township of Falls, 890 F.2d 611, 619 (3rd Cir. 1989); Paul v. Davis, 424 U.S. 693 (1976) (holding that defamation by itself did not harm a liberty interest protected under the Fourteenth Amendment). Therefore, injury to reputation alone is not a valid claim under § 1983. Boyanowski v. Capital Area Intermediate Unit, 215 F.3d 396, 401 (3d Cir. 2000) (stating federal courts are not to view defamatory acts as constitutional violations); Miller v. Hogeland, 2001 U.S. Dist. LEXIS 16538 (E.D. Pa. Oct. 10, 2001) (same).

In Kot v. Porter, 1990 U.S. Dist. LEXIS 16699 (E.D. Pa. Dec. 4, 1990), the court held that the defendant reporter and the Philadelphia Daily News were not state actors, and, even if the defendants were state actors, something more than damage to reputation was required to invoke the procedural protection of the Due Process Clause under plaintiff's § 1983 claim. Porter, 1990 U.S. Dist. LEXIS 16699, *1-2 (E.D. Pa. Dec. 4, 1990) (citing Paul v. Davis, 424 U.S. 693, 709-711 (1976)). The court found that the mere fact that defendant's article was insulting to plaintiff is not a violation of his constitutional rights. Id.

Schneller has not alleged an infringement on a protected right or interest.[9] He was a candidate for congress and there is nothing in the Complaint alleging that his rights to free speech in seeking office was denied or prohibited. The reputational harm alleged as a result of statements and articles concerning Schneller's candidacy, political affiliations, and participation in a nominating signature scheme do not deprive Plaintiff of a liberty or

---

[9] Plaintiff's claim is more properly read as a state law defamation claim.

property interest under Due Process.[10] In fact, Plaintiff successfully fought a petition to remove his name from the ballot.

Therefore, Schneller's challenges under § 1983 fail to state a claim under Fed. R. Civ. P. 12(b)(6). Moreover, there is no indication that Schneller could amend his complaint so as to survive dismissal under Rule 12(b)(6). If a complaint is vulnerable to dismissal for failure to state a claim, a district court must first permit the plaintiff a curative amendment, unless amendment would be "inequitable or futile." Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Because Schneller could not present additional information that would transform his allegations into viable claims, I conclude that amendment would be futile.

B.   Plaintiff Has Not Sufficiently Set Forth Facts to Support Claims under 42 U.S.C. §§ 1985 and 1986

Section 1985(1) prohibits conspiracies to prevent individuals from holding office or discharging official duties.[11] Section 1985(1) states in relevant part that if "two or

---

[10] Further, Plaintiff has not identified time, place, or even a speaker in the majority of his allegations in the Complaint.

[11] Sections 1985(2) is inapplicable. Section 1985(2) prohibits conspiracies to prevent witnesses from testifying in court, injuring witness who have testified, or attempting to influence or injure grand or petit jurors. Plaintiff does not allege any conduct covered by this provision. 42 U.S.C. § 1985(1) states in full:

> (2) Obstructing justice; intimidating party, witness, or juror.
>
> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

11

more persons . . . conspire to prevent, by force, intimidation, or threat, . . . [an officer of the United States] from discharging any duties thereof; . . . or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof," then a cause of action exists.[12] 42 U.S.C. § 1985(1).

First, Schneller's claims under § 1985 are not viable because the evidence does not support a finding of a conspiracy of any kind among the defendants. Plaintiff's civil conspiracy claim under § 1985(1)-(3) consists of nothing more than vague, conclusory allegations. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). It is not enough for a plaintiff to allege in his complaint such concerted action by merely claiming that the defendants must have participated or agreed, somehow, to air allegedly wrongful information. It is also insufficient to pepper the Complaint with allegations that the Defendants "cooperated," "conspired," or "acted in concert."[13] Aultman v. Padgett, 2003 U.S. Dist. LEXIS 18119, No. 03-3261, 2003 WL 22358445, *5 (E.D. Pa. Sept. 10, 2003) (holding Plaintiffs even under the liberal pleading standard assigned to pro se plaintiff had failed to allege the existence of a conspiracy to deprive him of his

---

[12] 42 U.S.C. § 1985(1) states in full:

(1) Preventing officer from performing duties.

If two or more persons in any State or Territory conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; or to induce by like means any officer of the United States to leave any State, district, or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties[, then a cause of action exists under section 1985(3)].

[13] Compl. at ¶¶ 23, 41, 44, 45, 59, 124-54.

12

constitutional rights, as well as specific facts to support such a claim).  In order to state a claim under § 1985, Schneller is required to plead that an actual agreement existed among the parties.  See Startzell v. City of Phila., 533 F.3d 183, 205 (3d Cir. 2008).  He did not, however, allege any facts indicating that any of the Defendants communicated with one another, or otherwise came to an agreement to conspire against him.[14]  As a result, he has not plead enough facts to state a plausible claim for conspiracy under §1985.  See Iqbal, 129 S. Ct. at 1949.

Section 1985(3) prohibits conspiracies to deprive a "person or any class of persons equal protection of the laws, or of equal privileges and immunities under the law . . . ." 42 U.S.C. § 1985(3).[15]  While "color of law" is not necessary to a § 1985 action, to present a claim cognizable under 42 U.S.C.S. § 1985 the conspiracy and the acts in furtherance thereof must stem from a "class-based" animus.  Keddie v. Pennsylvania State

---

[14] Schneller's claim under § 1985(1) also fails, to the extent that he asserts it under his injury to reputation claims, because he fails to allege that the information which was published was either false or published with knowing or reckless disregard for its falsity, as required by the First Amendment.  See New York Times Co. v. Sullivan, 376 U.S. 254 (1964).

[15] 42 U.S.C. § 1985(3) states in full:

>  (3) Depriving persons of rights or privileges.
>
>  If two or more persons in any State or Territory conspire, or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice-President, or as a member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

University, 412 F. Supp. 1264, 1275 (M.D. Pa. 1976) (citing Griffin v. Breckenridge, 403 U.S. 88 (1971)). The Complaint fails to allege a claim under this provision because it fails to allege discrimination against a "specific, identifiable class of persons." Farber v. City of Paterson, 440 F.3d 131, 135 (3d Cir. 2006) (quoting Aulson v. Blanchard, 83 F.3d 1, 5 (1st Cir. 1996)); Brown v. Philip Morris Inc., 250 F.3d 789, 806 (3d Cir. 2001).[16] The alleged actions taken by Defendants were directed only against Plaintiff as an individual and not as a member of some class or race. Plaintiff has not proven that he was a member of an identifiable class and that the actions against him were part of a general pattern of discrimination against such a class. There is also no allegation that Schneller was denied the right to vote or to support any candidate.[17]

Finally, Schneller cannot state a § 1986 claim because a § 1985 violation is a pre-requisite. 42 U.S.C. § 1986. Section 1986 is a "companion to Section 1985(3) and provides a plaintiff with a cause of action against any person who, knowing that a violation of Section 1985 is about to be committed and possessing the power to prevent its occurrence, fails to take action to frustrate its execution. See 42 U.S.C. § 1986." McCauley v. Computer Aid, Inc., 447 F. Supp. 2d 469, 476 (E.D. Pa. 2006); See also Remillard v. City of Egg Harbor City, 424 F. Supp. 2d 766 (D.N.J. 2006) ( plaintiffs

---

[16] Schneller's § 1985 claim could not survive dismissal because he has not set out sufficient facts to show that a racial or other class-based invidious discriminatory animus lay behind the Defendants' alleged actions and that the alleged coconspirators "intended to deprive the victim of a right guaranteed by the Constitution against private impairment." Brown v. Philly Morris Inc., 250 F.3d 789, 805 (3d Cir. 2001).

[17] Schneller's claim under § 1985(1) and § 1985(3) also fails because the alleged defamation did not constitute "force, intimidation, or threat." Kush v. Rutledge, 460 U.S. 719, 724 (1983). There are no facts that allege any type of force or intimidation and Schneller does not allege that he was intimidated from accepting an offer or petitioning to be nominated for the ballot.

could not recover under 42 USCS § 1986 because they did not allege that defendants had violated § 1985(3)). Therefore, if a plaintiff does not set forth a cause of action under § 1985, his claim under § 1986 necessarily fails as well, because "transgressions of § 1986 by definition depend on a pre-existing violation of § 1985." See e.g. Robison v. Canterbury Village, Inc., 848 F.2d 424, 431 n.10 (3d Cir. 1988).

C. The Court Declines to Exercise Supplemental Jurisdiction Pursuant to 28 U.S.C. § 1367(a)

Mr. Schneller also claims that the court has supplemental jurisdiction over his remaining state law claims pursuant to 28 U.S.C. § 1367(a), which provides:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

In light of the fact that the court has dismissed all of Plaintiff's federal claims, the court will exercise its discretion to dismiss without prejudice all of Plaintiff's state claims. See 28 U.S.C. § 1367(c) (stating that a federal district court may decline to exercise supplemental jurisdiction over state law claims when the district court has dismissed all claims over which it has original jurisdiction). [18]

IV. Conclusion

In conclusion, while the Plaintiff attempts to bring federal claims in combination with his state law claims, for the reasons discussed above I will, dismiss the federal

---

[18] See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

claims with prejudice.  Additionally, I decline to exercise supplemental jurisdiction over the state law claims.

     An appropriate Order follows.